Date Signed:
October 1, 2013



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re 1250 Oceanside Partners,<br><br>Debtor. | Case No. 13-00353<br>Chapter 11 |
| 1250 Oceanside Partners,<br><br>Plaintiff,<br><br>vs.<br><br>Maryl Group, Inc.<br><br>Defendant. | Adv. Pro. No. 13-90049<br><br><br><br><br><br><br><br>Re: Docket No. 6, 12, and 49 |

### MEMORANDUM OF DECISION CONCERNING
### MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT

The debtor-in-possession, 1250 Oceanside Partners ("Oceanside"), seeks to enforce a promissory note and foreclose a mortgage made by defendant Maryl Group, Inc. ("Maryl"). The other defendants claim interests in the mortgaged property. Oceanside now seeks summary judgment. Maryl argues that the court

lacks jurisdiction and that Oceanside is not entitled to foreclose. I conclude that there is no dispute as to any material fact and 1250 Oceanside is entitled to judgment as a matter of law, and I recommend that the District Court enter judgment accordingly.

**Facts**

In February 2001, Oceanside sold Maryl a lot in a planned, but unfinished, development called Hokuli'a. To document the transaction, the parties executed four documents at or about the same time: A Purchase Contract, dated February 15, 2001; a warranty deed, also dated February 15, 2001; a promissory note by Maryl in favor of Oceanside, dated February 22, 2001; and a mortgage, dated February 15, 2001.

The Purchase Contract incorporated the note, mortgage, and warranty deed as essential parts of the agreement. The Purchase Contract obligated Oceanside to make a number of improvements on the lot and in and around the development.

The Purchase Contract, deed, and mortgage contain similar, but not identical, dispute resolution provisions.

Paragraph 17.a of the Purchase Contract requires mediation and arbitration of all disputes relating to the Purchase Agreement, the sale of the lot, or "any other aspect of the relationship" between Oceanside and Maryl. Paragraph 17.b,

2

however, provides that, if Maryl defaults under the note or mortgage, Oceanside is not required to arbitrate, but instead "has the absolute right" to seek either judicial foreclosure "by a foreclosure action filed in the Circuit Court of the Third Circuit, State of Hawaii," or non-judicial foreclosure. Maryl waived any right it might have to delay foreclosure proceedings "pending the resolution of any arbitrable disputes . . . ." The parties agreed that, regardless of the outcome of a foreclosure case, "all issues of monetary damages or costs of any type relating to disputes that are subject to arbitration under this Paragraph shall continue to be subject to arbitration . . . ."

The deed includes dispute resolution provisions that are almost identical to the Purchase Contract. The only difference – and it is a crucial difference – is that the provision giving Oceanside the right to pursue judicial foreclosure does not mention any specific forum.

The mortgage gives Oceanside the right to pursue judicial or nonjudicial foreclosure. Like the deed, but unlike the Purchase Contract, the mortgage does not mention any specific forum.

Oceanside failed to complete the Hokuli'a development as promised. Maryl ceased payment on the note in November, 2010. On April 26, 2012, Maryl signed a release, which discharged its claims against Oceanside. After signing the

3

release, Maryl did not resume payments on the note.

Oceanside filed for chapter 11 bankruptcy on March 6, 2013. On March 24, 2013, Oceanside sent Maryl a demand letter declaring default and requiring Maryl to cure its arrears. Maryl filed a proof of claim for $393,286.04 on July 9, 2013. This adversary proceeding began on July 25, 2013.

In its motion, Oceanside seeks summary judgment on two issues: first, that Maryl is in default and owes Oceanside according to the terms of the note; and second, that Oceanside is entitled to foreclose on the lot. Maryl filed a motion to dismiss Oceanside's complaint and a countermotion for summary judgment.

**Standard**

Maryl argues that this adversary proceeding must be dismissed because the court lacks jurisdiction. It relies on Federal Rules of Procedure 12(b)(6), which directs the court to dismiss a case for "failure to state a claim upon which relief can be granted." Fed. R. Civ. Pro. 12(b)(6). That may not be the correct subdivision of the rule. But that does not matter for purposes of this decision.

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c), Fed. R. Bankr. P. 7056. Summary judgment should be granted against a party "who fails to make a showing sufficient to establish the existence

4

U.S. Bankruptcy Court - Hawaii   #13-90049   Dkt # 60   Filed 10/01/13   Page 4 of 10

of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Huey v. Honeywell, Inc., 82 F.3d 327, 334 (9th Cir. 1996) (quoting Celotex v. Catrett, 477 U.S. 317, 322 (1986)).

## Discussion

### I. Maryl's Motion to Dismiss

Maryl moves to dismiss Oceanside's complaint. It argues that the court lacks jurisdiction because paragraph 17 of the Purchase Contract provides for judicial foreclosure only in the Circuit Court of the Third Circuit, State of Hawaii. In response, Oceanside points to the dispute resolution provisions of the deed and mortgage which permit judicial foreclosure but do not mention any particular forum.

The question is an issue of contract interpretation. Courts should interpret contracts according to their plain, ordinary meaning. Brown v. KFC National Management Co., 82 Hawai'i 226, 240, 921 P.2d 146, 160 (Haw. 1996). When documents concern the same subject matter and were executed at the same time, courts read them together. Parker v. BankAmerica Corp., 50 F.3d 757, 763 (9th Cir. 1995); *see* Hayashi v. Chong, 2 Haw. App. 411, 634 P.2d 105 (1981); *see also* Restatement (Second) of Contracts § 202(2) (1981) ("A writing is interpreted as a whole, and all writings that are part of the same transaction are interpreted

5

together.").

Maryl argues that the Purchase Contract was the "master agreement," so its terms should prevail over any inconsistent provisions in the mortgage and deed. The documents provide no textual support for that assertion. Allowing one of the documents to trump the others would violate the fundamental rule that all of the documents must be read together.

Oceanside contends that, for three reasons, the dispute resolution provisions of the deed and mortgage trump the Purchase Contract.

First, Oceanside argues that, under the doctrine of merger, the provisions of the Purchase Contract were merged into, and extinguished by, the deed when the transaction closed. But the doctrine of merger is based on the parties' presumed intent and can be overcome by agreement. *See* Szabo v. Superior Court, 84 Cal. App.3d 839, 843-45, 148 Cal. Rptr. 837, 839-40 (Cal. Ct. App. 1978); *see also* 14-81A POWELL ON PROPERTY § 81A.07[d]. Oceanside and Maryl did not intend that paragraph 17 of the Purchase Contract would merge into the deed; paragraph 23 of the Purchase Contract is a survival clause that explicitly states that paragraph 17 survives the closing.

Second, Oceanside argues that it is suing on the note and mortgage, which are separate instruments from the Purchase Contract, and that therefore paragraph

6

17 of the Purchase Contract does not apply. This argument is also incorrect. The Purchase Contract states that the note and mortgage are "an essential part" of the contract.

Third, Oceanside argues that Maryl's release terminated its right to seek arbitration. Regardless of whether the release affected Maryl's claims and defenses, the release does not suggest that Maryl intended to change its procedural rights under the Purchase Contract.

So, I am not persuaded by Maryl's argument that I should ignore the deed and mortgage, or by Oceanside's arguments that I should ignore the Purchase Contract. Rather, I must follow the usual rules of contract interpretation and discern the parties' intent by reading all of the documents together.

The proper interpretation of all three documents is that Oceanside may bring its foreclosure action in any court with jurisdiction. The most sensible way to reconcile the difference in the documents is to view the Third Circuit as one permissible forum for a judicial foreclosure, but not as the only possible forum. If the selection of the Third Circuit were important to the parties, one would expect that all three documents would specify that forum. But only the Purchase Contract mentions that forum, and the document that is most relevant to a foreclosure case, the mortgage, does not. Therefore, reading all the instruments together, I conclude

U.S. Bankruptcy Court - Hawaii   #13-90049   Dkt # 60   Filed 10/01/13   Page 7 of 10

that Oceanside may seek judicial foreclosure in any court with jurisdiction to preside over a mortgage foreclosure of the subject property. Because Oceanside's foreclosure proceeding is "related to" its chapter 11 proceeding, 28 U.S.C. § 1334, dismissal of this adversary proceeding is not warranted.

## II. Maryl's Countermotion for Summary Judgment

In its countermotion, Maryl seeks an order compelling arbitration under the terms of the Purchase Contract.[1] Maryl's countermotion must fail because none of the parties' agreements permits Maryl to force Oceanside to arbitrate Oceanside's foreclosure claims. All of the agreements allow Oceanside to seek foreclosure outside of arbitration. At most, Maryl might be entitled to arbitrate its claims against Oceanside, but Maryl agreed that it was not entitled to stay a foreclosure by Oceanside pending that arbitration. Therefore, I will recommend that the District Court deny Maryl's countermotion for summary judgment.

---

[1] Oceanside moves to strike the countermotion, because it addresses issues outside the scope of Oceanside's original summary judgment motion in violation of Local Bankruptcy Rule 9013-1(d)(5). I will deny this request because a litigant can always challenge a motion by arguing that the court should not or can not decide it. *See, e.g., Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) ("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time . . . .").

8

**III.     Oceanside's Motion for Partial Summary Judgment**

Oceanside seeks summary judgment on its claims for foreclosure of the mortgage.

Under Hawaii law, a foreclosing mortgagee must prove "'(1) the existence of the [loan] Agreement, (2) the terms of the Agreement, (3) default by [the mortgagor] under the terms of the Agreement, and (4) the giving of the cancellation notice and recordation of an affidavit to such effect.'" *In re Metropolitan Mortg. & Securities, Co., Inc.*, 448 B.R. 527, 533 (D. Haw. 2011) (citing *IndyMac Bank v. Miguel*, 117 Hawai'i 506, 520, 184 P.3d 821, 835 (Haw. App. 2008).

Oceanside has proven all of these elements and Maryl does not deny any of them. Maryl's defense to the foreclosure is based entirely on Oceanside's failure to develop the Hokuli'a project as the Purchase Contract requires. But the Purchase Contract precludes Maryl from defending against a foreclosure on that basis.

Paragraph 17 of the Purchase Contract provides that Maryl's claims against Oceanside would be decided separately from Oceanside's foreclosure claims, and that Maryl would not use its claims to stay Oceanside's foreclosure:

Regardless of whether [Oceanside] is awarded or denied [judicial or non-

9

U.S. Bankruptcy Court - Hawaii   #13-90049   Dkt # 60   Filed 10/01/13   Page 9 of 10

judicial foreclosure], all issues relating to monetary damages or costs of any type relating to disputes that are subject to arbitration under this Paragraph shall continue to be subject to arbitration as provided herein, and *the arbitrator(s) shall have sole and exclusive jurisdiction to decide all such matters*. (Emphasis added.)

Allowing Maryl to assert Oceanside's alleged breaches of the Purchase Contract as a defense to Oceanside's foreclosure claims would circumvent the parties' agreement to decide their disputes on two separate tracks. I therefore recommend that the District Court grant Oceanside's motion for summary judgment and leave Maryl's claims for separate determination.[2]

Because there is no genuine issue of material fact and because Maryl's defenses are inapplicable, the court should grant summary judgment.

***

GOOD CAUSE APPEARING THEREFOR, and pursuant to 28 U.S.C. §157(c), the Court submits these Proposed Findings of Fact and Recommendations of Law to the United States District Court for the District of Hawaii for entry of final judgment as to the Motion for Summary Judgment.

---

[2] I express no opinion on whether Oceanside should be compelled to arbitrate Maryl's claims against it. The bankruptcy court has discretion to decline to enforce arbitration agreements in certain circumstances. In re Thorpe Insulation, 671 F.2d 1011 (9th Cir. 2012).

10